**Harry Wayne DAVIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46724.**

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

---

Ted A. Gross, Dallas, for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted in a trial before a jury of robbery. His punishment was assessed at fifteen (15) years.

■ In his first ground of error, appellant contends that the evidence is insufficient to support the conviction.

Viewed in the light most favorable to the verdict, the record reflects the following facts:

Leon Robinson testified that shortly after midnight, on the morning of June 19, 1971, he got off work and started to his home in his 1966 white four door Chevrolet. One of the car's tires went flat, and he stopped to change tires. He had almost finished this when two males, one of whom was this appellant, approached and offered to help. Appellant started tightening up the lugs, and as Robinson started to place the jack in the trunk, the other man started hitting him from behind. He turned, and next the appellant struck him three or four "hard" blows on his head with a pistol, and told him to give him what money he had. Robinson, being in fear of serious bodily injury, handed him four one dollar bills, being all the money he had. Appellant, with gun drawn, forced Robinson to get in the trunk of Robinson's Chevrolet car, and fastened the lid. The two men got in the front seat, and drove the car for about three or four hours. Robinson heard them say that when they got to the Red River they would do away with him. As they were travelling, Robinson managed to unfasten the trunk lid, and when they stopped at a service station in Greenville he got out of the trunk. The two men then left in his car. Robinson had lost a lot of blood from the wound on his head caused by appellant hitting him with a pistol, and was taken to a hospital for treatment.

As the car was leaving Greenville, a patrolman, having received word of the episode at the service station, took after them. As he attempted to pass them, their car, with appellant driving, weaved from side to side of the road, then took off across a field and ended up in a ditch. Appellant managed to escape, but was arrested in Mount Pleasant later that day when he passed a very bloody dollar bill at a service station.

The officer from Dallas who went to Mount Pleasant for appellant was put on the stand by appellant. He testified on *di-*

*rect* examination that appellant told him he had robbed a man of $4.00 that morning, and had escaped from officers in Greenville, and that he had kidnapped Robinson and had stolen his car. Appellant also told the officer that he and his companion were taking Robinson to Oklahoma, where they intended to kill him and throw his body in the Red River.

The appellant placed in evidence, as defendant's Exhibit No. 1, a written statement he had made to Dallas police officers, which, omitting the portion including the warnings given, reads as follows:

"George Lester and I, Harry Wayne Davis, was (sic) walking down Ervay and this fellow asked us if we had a match. We didn't. Lester and the man was (sic) holding a conversation, (the man's name is Dupre). I walked away and was crossing South Blvd. and Ervay when Leon pulled up and asked if I wanted a ride. I said yes. He asked where I was going, I said the end of Ervay car line. He said he would take us, so I called Lester. On the way he offered us Scotch whiskey, and rum. When we got to the cafe he told us if it wasn't to (sic) late we'd drink a beer. We drunk (sic) two beers and he said let's go. We went to 3023 Grand, parked in the back and talked for a while. I hit him once with a brick and Lester grabbed him from behind. We got out went to the front. I came back got the car and went around. We all got in the car drove to a dark street, put him in the trunk. Went and got our clothes and left going to Greenville. We did not have any pistols. We didn't kick or stomp him. We took $4 off him."

The evidence is amply sufficient to support the conviction. Appellant's first ground of error is overruled.

Appellant's second ground of error reads:

"The trial court committed fundamental error because the evidence produced by the defendant's exculpatory statement was not sufficiently rebutted by the State's witnesses to prove the statements to be inculpatory."

The brief discussion under this ground refers to the written statement which was introduced by appellant as his Exhibit No. 1, supra.

■ The rule is well settled that where the *State* introduces an exculpatory statement or confession of a defendant it is then bound to disprove it, and failure to do so is ground for acquittal. Grady v. State, Tex.Cr.App., 466 S.W.2d 770 and authorities there cited. In the instant case the written statement was offered by appellant, and was not binding on the State. Bell v. State, 434 S.W.2d 684.

■ However, we do not view the contents of appellant's statement as being exculpatory. The term "exculpatory" is defined as clearing or tending to clear from alleged fault or guilt. Brown v. State, 475 S.W.2d 938, 955. If the statements of appellant were true, they would not clear or tend to clear him from guilt. In fact, although they differ in some of the details from the testimony of the complaining witness Leon Robinson, they constitute a confession of the robbery.

Appellant's second ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.