**Juan BAUTISTA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–81–697–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 8, 1982.

Rehearing Denied May 6, 1982.
Discretionary Review Refused
July 7, 1982.

Wes Griggs, West Columbia, for appellant.

Jim Mapel, Dist. Atty., Angleton, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

## OPINION

PRICE, Justice.

This is an appeal from a conviction for murder. Trial was to a jury who found the appellant guilty of the offense and assessed punishment at ninety-nine years confinement. Appellant asserts five grounds of error. We affirm.

Herman Martinez was found shot to death at his home on December 8, 1979. Appellant was arrested in Grovehill, Alabama, was placed in custody on March 26, 1980, and was driven back to Alvin, Texas, by two police officers on March 27, 1980. After the trip on March 27, 1980, appellant was visited by a magistrate and informed of his *Miranda* rights. While in custody, on March 31, 1980, appellant requested to talk to an Officer Guerrero who, for the third time, advised appellant of his *Miranda* rights and proceeded to reduce to writing appellant's oral confession. After the confession was reduced to writing, Officer Guerrero asked appellant who he wanted to read the typed statement and it was at this time that appellant first mentioned the word "lawyer." Appellant agreed to having Ms. Loyce Crouch, a city councilwoman who was present at the police station, read the confession to him.

In his first ground of error, appellant asserts that the trial court erred in admitting appellant's confession into evidence in that the confession was involuntary, in violation of appellant's Sixth Amendment

right to counsel and of appellant's constitutional rights under *Miranda*. Appellant argues that he requested an attorney and that interrogation did not cease as required by *Miranda* but rather continued, culminating several hours later in the signing of the confession by appellant. In other words, appellant asserts that his statement to Officer Guerrero indicated that he wanted to exercise his right to counsel and therefore invoked his right to counsel. *Ochoa v. State*, 573 S.W.2d 796, 800 (Tex.Cr.App. 1978).

▮ Whether statements obtained during custodial interrogation are admissible depend upon the totality of the circumstances surrounding the interrogation. *Miranda v. Arizona*, 384 U.S. 436, 476–478, 86 S.Ct. 1602, 1629–1630, 16 L.Ed.2d 694 (1966). In the instant case, the evidence shows appellant to be 26 years old, with a good understanding of English although appellant can neither read nor write in Spanish or English. Appellant was familiar with the criminal process because of a previous incarceration at a Utah penitentiary.

Appellant was taken into custody on March 26, 1980, and was immediately driven back to Alvin, Texas, by two police officers, both of whom refrained from discussing any aspect of the case with appellant during that car trip. Appellant was advised of his *Miranda* rights prior to the trip by one of the officers. The record further reflects that after the trip from Alabama, on Thursday, March 27, 1980, appellant was visited by a Justice of the Peace who advised him of his *Miranda* rights inclusive in a magistrate's warning. There was no evidence that appellant was interrogated during his stay in jail. In fact, the officers who accompanied him from Alabama did not see him again until the following Monday, March 31, 1980.

▮ On the morning of Monday, March 31, 1980, appellant requested a conference with Officer Guerrero. Officer Guerrero, for the third time, advised appellant of his *Miranda* rights. Officer Guerrero then proceeded to take appellant's confession and reduce it to writing. Appellant suggests that this transcription took an inordinately long time and that it necessarily involved interrogation. However, nothing in the record indicates that any interrogation took place but the evidence does show that Officer Guerrero, by his own admission, is not an adept typist.

After the confession was reduced to writing, Officer Guerrero asked appellant who he wanted to read the typed statement. Officer Guerrero testified that appellant said he wanted a lawyer or someone with a little authority, somebody with higher upstanding in the community than appellant to read the statement back to him so that he would be certain that he understood what he was signing. Officer Guerrero then unsuccessfully attempted to locate a lawyer. Ms. Loyce Crouch, a city councilwoman and editor of the Alvin Advertiser, a local newspaper, was present at the police station for the purpose of obtaining the police news for the newspaper. The record reflects that Ms. Crouch had never before been involved in any police capacity nor had she ever read a confession, although she made frequent visits to the police station in her capacity as newspaper editor. Officer Guerrero asked appellant if Ms. Crouch would serve the purpose and he testified that appellant said "... that would be fine, anybody that's got a little authority like that ...." Appellant was informed that Ms. Crouch was not a lawyer. Appellant made no further request for a lawyer. In testimony, appellant disputed the officer's testimony that he was advised as to who Ms. Crouch was but then stated, "I knew if she was a lawyer, she wouldn't have let me sign this statement."

Before Ms. Crouch read appellant's statement back to him, appellant for the fourth time was advised of his *Miranda* rights which appeared at the top of the statement and which were initialed by appellant. Ms. Crouch testified that appellant did not ask for a lawyer, did not seek legal advice from her, and did not solicit her opinion as to whether he should sign the confession. Ms. Crouch then read the statement to appellant and corrected typographical mistakes in it. The record reflects that these corrections were not extensive, and that they

were initialed by appellant with but one exception.

The trial judge, in his findings of fact, found that after the confession was reduced to writing that the defendant requested someone in authority to read the confession to the defendant, like an attorney, but this request did not constitute a request for legal counsel and advice but rather a request for someone defendant could trust in order to determine the accuracy of the confession. We agree. "Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence." *Miranda v. State of Arizona, supra* at 478, 86 S.Ct. at 1630. In the instant case, although appellant was in custody for five days, he was not subjected to any coercion or pressure to confess. Appellant cites *Ochoa v. State*, 573 S.W.2d 796, 800 (Tex.Cr.App.1978), for the proposition that "where a defendant indicates in *any way* that he desires to invoke his right to counsel, interrogation must cease." In that case, the defendant was taken to an interrogation room from his cell and read his *Miranda* rights at which time defendant equivocated that he thought he should talk to an attorney before answering any questions or signing anything. Here, appellant accepted Ms. Crouch as a suitable person to read his confession back to him. Although it is not controlling, he failed to mention the need for such a·person until after his confession had been reduced to writing. The record supports the findings of fact made by the trial judge concerning appellant's request for someone to read the confession to him.

■ It would be inconsistent with *Miranda* and its progeny for the authorities, at their instance, to reinterrogate an accused in custody if he has clearly asserted his right to counsel. *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). In the instant case we find that appellant did not invoke his right to have counsel present. The Supreme Court had upheld a similar distinction in *Fare v. Michael C.*, 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979) in a case involving a juvenile whose request for a probation officer prior to giving a confession was not deemed to be a request for counsel. Although appellant in this case mentioned the word "lawyer," the record reflects that his request for an attorney was not for the purpose of obtaining legal advice but that he desired someone in authority so that he could make sure that the written confession was accurate and corresponded with his spoken word. *Nash v. Estelle*, 597 F.2d 513 (5th Cir. 1979), *cert. denied*, 444 U.S. 981, 100 S.Ct. 485, 62 L.Ed.2d 409 (1979), can be distinguished similarly. The defendant in *Nash* was uncertain as to whether he should seek legal advice. We find no equivocation on appellant's part in this case and accordingly overrule appellant's first ground of error.

■ In his second ground of error appellant asserts that the trial court erred by failing to hold a second *Jackson v. Denno* hearing on the issue of voluntariness in response to appellant's motion to reconsider the ruling of the court on appellant's earlier motion to suppress with respect to the role of Ms. Loyce Crouch in the rendition of appellant's written confession. In response to appellant's motion to suppress, the trial court conducted a hearing outside the presence of the jury to determine the voluntariness of that confession. Officer Guerrero and appellant were the only ones who testified at that hearing; appellant did not call Ms. Crouch as a witness but her role in the reading of the confession was fully covered. Later in the trial, Ms. Crouch was called as a witness by the State in the presence of the jury. After the State had rested its case, appellant moved for an instructed verdict in that Ms. Crouch's reference to Officer Guerrero by the nickname "Notty" and her use of the words "edit" and "clarify" to describe her role presented new grounds. It is our view that no new grounds were presented and that a second *Jackson v. Denno* hearing was not required.

*Page v. State*, 614 S.W.2d 819 (Tex.Cr. App.1981) cited by appellant, is distinguishable. In that case a hearing was held on the issue of whether defendant was properly warned before his confessions were given

and on whether he was threatened or coerced, with issues found against the defendant. When the confessions were subsequently offered before the jury, the defendant objected to their receipt on grounds that he was laboring under a mental defect. The court held that when a new and distinct ground is raised, the trial court has a duty to conduct a hearing on such issue and its failure to do so was reversible error. Tex.Code Crim.Pro. art. 38.22 (Vernon 1979). Unlike the case of *Page v. State*, in the instant case, the testimony of Ms. Crouch presented no new grounds on the issue of voluntariness. Her references merely amplified points that had been touched upon in the first hearing and did not present an entirely new and distinct ground of objection. Appellant's second ground of error is overruled.

■ In his third ground of error the appellant asserts that the trial court erred by denying appellant's special requested charge to the jury that appellant's admission by itself is insufficient to authorize a conviction. "When the corpus delicti is established by other evidence, no such charge is necessary." *Honea v. State*, 585 S.W.2d 681, 687 (Tex.Cr.App.1979). The corpus delicti in this case was sufficiently established by the expert witness who identified and examined the remains of the deceased and determined death was due to a gun shot wound. Therefore, this testimony alone establishes the delicti and no such charge is necessary. Appellant's third ground of error is overruled.

■ In his fourth ground of error, appellant contends that the trial court erred by denying appellant's requested special charge with respect to the defense of alibi. Specifically appellant contends that the omission of the words "if any" offense was committed in the first sentence of the charge did not sufficiently qualify the proposition that an offense was committed. The court instructed the jury on the alibi defense as follows:

A defense set up by the defendant in this case is what is known as an alibi, that is, that if the offense was committed, as alleged, the defendant was, at the time of the commission thereof, at another and different place from that at which such offense was committed and, therefore, was not and could not have been the person who committed the same. Now, if you have a reasonable doubt as to the presence of the defendant at the place where the offense was committed, if an offense was committed, at the time of the commission thereof, then you will find the defendant not guilty.

In the instant case the court's charge properly and clearly placed the burden of proof on the State in the last sentence of the submitted charge and made no assumption of fact for the jury at any point in the submitted charge. "The charge informs the jury that if the evidence raises a reasonable doubt as to the appellant's presence at the place where the alleged crime took place they should find the appellant not guilty." *Swinney v. State*, 529 S.W.2d 70, 72 (Tex.Crim.App.1975). Therefore, the omission of "if any" in the first sentence of the charge does not constitute error and we overrule appellant's fourth ground of error.

■ In his fifth ground of error, appellant complains that the trial court erred by propounding questions to a witness, namely Officer Guerrero, during the *Jackson v. Denno* hearing outside the presence of the jury. The record reflects that the questions propounded by the court outside the presence of the jury were for the purpose of clarifying the issue before the court regarding the voluntariness of the appellant's confession. Such a practice is clearly permissible. *Brewer v. State*, 572 S.W.2d 719, 721 (Tex.Cr.App.1978). Appellant cites *Jackson v. State*, 167 Tex.Cr.R. 34, 318 S.W.2d 98, 102 (1958), for the proposition that even though it is the province of attorneys to examine the witness, there may be occasions where it be necessary for the judge to interfere and in such events, the examinations should be conducted with great caution. In that case the interference of the court during the hearing of the motion for new trial was reasonably calculated to constrain the witnesses and curtail their testimony, prejudicing the rights of the appellant. In the instant case such curtailment was not the objective of the court's ques-

tioning. In fact, no such constraints were imposed on the witnesses. Further, the cases appellant cites for the well settled law that the trial judge should refrain from the examination of witnesses are all based on the long standing statutory rule that a trial judge cannot comment on the weight of the evidence before a jury. *Drake v. State*, 65 Tex.Cr.R. 282, 143 S.W. 1157 (1912); *Harrell v. State*, 39 Tex.Cr.R. 204, 45 S.W. 581 (1898); *Rodriguez v. State*, 110 Tex.Cr.R. 267, 8 S.W.2d 149 (1928). Such was not the case here and appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.