Donald Ray ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–81–00223–CR.

Court of Appeals of Texas,
El Paso.

July 7, 1982.

Will Gray, Simonton, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Andy Tobias, Asst. Dist. Attys., Houston, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

Appellant was found guilty by a jury of the bludgeoning murder of Nina Loring and assessed punishment of life imprisonment. The sole ground of error on appeal is that the trial court erred in refusing to submit a requested instruction to the jury on the voluntariness of Appellant's confession. We reverse and remand.

The State's case was based primarily on the written confession of Appellant, and we have concluded that a fact question exists as to whether Appellant requested an attorney prior to making his statement. If, in fact, he did, then his Fifth Amendment right to counsel had been invoked and the court should have instructed the jury as to the voluntariness of the confession in the manner required by Article 38.22 of the Code of Criminal Procedure.

A motion to suppress was heard by the court prior to trial, and evidence was presented both pro and con, with Appellant testifying in his own behalf and two detectives testifying for the State. The court found that the statement was voluntarily given, and we are not concerned with that finding on appeal. At trial, the Appellant did not testify. The two detectives testified consistently with their statements at the suppression hearing. Both detectives testified that Appellant never requested an attorney, that he did not appear to be unduly fatigued, was not threatened, coerced, promised or deprived of access to a telephone or an attorney. The fact question arose from the testimony of Appellant's common-law wife, Angela Brown. She testified that the two detectives came to the home of her parents where she and the Appellant were living; that she and Appellant were both handcuffed and taken into separate rooms. Her testimony agrees with that of the detectives that Appellant was read his *Miranda* rights after being handcuffed. Prior to that, he had identified a photograph of the deceased. Angela Brown testified that she heard the Appellant ask the detectives if he could call an attorney, and that they told him that there would be plenty of time for that later. She and the Appellant were then taken to the Sheriff's Department and again separated, and some three hours later that afternoon, Appellant gave his written statement after again receiving a *Miranda* warning. Angela Brown testified:

"Question: Did you ever hear the defendant request an attorney or say anything about an attorney at all?

Answer: Yes, Sir.

Question: And at what point was that?

Answer: That's when I came back into the living room, or they brought me back into the living room, and he was handcuffed and they were leaving . . . or we were all leaving."

\* \* \* \* \* \*

"Question: Do you remember what Donald said when he requested an attorney or said something about an attorney?

Answer: He asked if he could call an attorney.

Question: Okay, could you see who he was talking to?

Answer: No, Sir.

Question: Did you hear a response to that question?

Answer: This was when we were leaving he asked if he could call an attorney.

Question: You didn't see who he was particularly speaking to?

Answer: No, Sir.

Question: One of the officers was present at that time?

Answer: Yes, Sir.

Question: Did they respond to the request?

Answer: He told him there was plenty of time for it later.

Question: All right, and what happened next?

Answer: They took and put him in the police car. . . ."

On cross-examination by the State she was asked:

"Question: And, Miss Brown, he told the detectives that he wanted to call his lawyer, is that correct?

Answer: Yes, Sir."

If, in fact, Appellant requested an attorney, then the facts of this case are very similar to those of *Edwards v. Arizona,* 451 U.S. 477, 68 L.Ed.2d 378, 101 S.Ct. 1880 (1981), decided by the Supreme Court of the United States in May of 1981. The Court cited its prior decisions of *Miranda, supra,* and *Fare v. Michael C.,* 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979), for the "rigid rule that an accused's request for an attorney is per se an indication of his Fifth Amendment right requiring that all interrogations cease." In *Edwards* the officers ceased their interrogation when he requested an attorney. The following day, Edwards was again given his *Miranda* warnings and again questioned by the officers and he then made his confession. Said the Supreme Court: "His statement, made without having access to counsel, did not amount to a valid waiver and hence was inadmissible." In the majority opinion by Justice White, the Court said:

> "[W]e now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversation with the police."

\* \* \* \* \* \*

"And just last Term, in a case where a suspect in custody had invoked his *Miranda* right to counsel, the Court again referred to the 'undisputed right' under *Miranda* to remain silent and to be free of interrogation 'until he had consulted with a lawyer.' *Rhode Island v. Innis,* 446 U.S. 291, 298, 100 S.Ct. 1682 [1688] 64 L.Ed.2d 297 (1980). We reconfirm these views and to lend them substance, emphasize that it is inconsistent with *Miranda* and its progeny for the authorities, at their instance, to reinterrogate an accused in custody if he has clearly asserted his right to counsel."

The State does not contend that Appellant initiated a resumption of interrogation

or countermanded an earlier election to request counsel; its position is that he never invoked his right to counsel from the beginning. The conflict in evidence on that issue raised a fact question for the jury to resolve, and its resolution determines the voluntariness of the confession. The ground of error is upheld.

The conviction is reversed and the cause remanded for a new trial.