**James TANNER, alias Joe Frank Ocker, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 84 051 CR.**

Court of Appeals of Texas, Beaumont.

April 17, 1985.
Rehearing Denied May 8, 1985.

Tom Brown, Pace & Brown, Livingston, for appellant.

JoAnna Vernetti, Asst. Dist. Atty., Conroe, for appellee.

## OPINION

BURGESS, Justice.

This is an appeal from a conviction of sexual abuse of a child. After a plea of not guilty to a jury, appellant was found guilty and the court assessed punishment at thirty-five years in the Texas Department of Corrections. Appellant brings forth eight grounds of error.

Appellant and his wife, Kathy Tanner, were indicted for sexual abuse of a child, *TEX.PENAL CODE ANN. sec. 21.10* (Vernon 1974). The indictment, in part, stated:

"Kathy Tanner and James Tanner alias Joe Frank Ocker ... did then and there intentionally and knowingly, with intent to arouse and gratify the sexual desire of the said defendants engage in deviate sexual intercourse with [omitted by this court] a child not the spouse of either of the said defendants and younger than 14 years of age, by the said Kathy Tanner then and there placing her mouth in contact with the genitals of the said child;"

Appellant's first ground of error states:

"Appellant's conviction is void because the trial court, prior to trial, dismissed this cause of action, and, therefore, the court did not have jurisdiction."

Appellant argues that an order signed on August 27, 1982, dismissed the indictment against him. The order was a "form" order at the end of a "form motion to dismiss." The motion to dismiss referred only to Kathy Tanner, in both the style and in referring to the "defendant has been shown not to have the mental capacity to stand trial or understand the wrongfulness of her act." Further, there is a docket entry showing the motion to dismiss the case only against Kathy Tanner was granted. Ground of error number one is overruled.

Ground of error number two states:

"Appellant's conviction is void because the indictment in this cause is fundamentally defective in that the allegations contained in said indictment failed to allege any criminal offense by Appellant."

Here, appellant argues that because there are no specific acts alleged against him the indictment fails to allege an offense. The indictment alleges that the defendants (1) with intent to arouse and gratify their sexual desire (2) did intentionally and knowingly engage in deviate sexual intercourse (3) with a child younger than 14 years of age (4) by Kathy Tanner placing her mouth in contact with the genitals of the child. The first three allegations satisfy the elements of the offense, the fourth element describes the manner and means of the deviate sexual intercourse. The indictment is not fundamentally defective. An indictment which tracks the language of the statute is legally sufficient. *See Bollman v. State*, 629 S.W.2d 54 (Tex. Crim.App.1982). Ground of error number two is overruled.

Appellant's next ground of error states:

"The trial court erred in admitting into evidence, over Appellant's objection, an extrajudicial statement by Appellant when the involuntary character of the statement was established."

■ Deputy Hammond of the San Jacinto County Sheriff's office had come into possession of photographs depicting sexual abuse of a young child. The photographs were delivered to him from a processing laboratory in Houston. Deputy Hammond, along with child welfare workers, drove to the address of the individual named on the photo envelope. Upon arriving he confronted Kathy Tanner with the fact he had the photographs, advised her of her rights and showed her the photographs. Mrs. Tanner then telephoned the appellant who arrived at the home some 45 minutes later. Upon his arrival, Mr. and Mrs. Tanner talked privately and then invited the officers into the home. Deputy Hammond advised appellant of his rights and talked with him about the allegations. Both Tanners were asked to go to the Sheriff's office to make written statements. They agreed and appellant asked to place a telephone call to his attorney. He attempted to do so but received no answer. The Tanners went to the Sheriff's office in their own vehicle and upon arrival were taken before a justice of the peace and given their statutory warnings. Deputy Hammond then gave appellant the warnings at the top of the written statement form and appellant wrote out and signed the following statement:

"Approximately one month ago, I and my wife were keeping a child, is Leslie which was sexually abused in that the penis of the child was placed in the mouth of my wife, Kathy. This was done reluctantly on her part but I pleaded and begged her to do it for I wanted to see how he would react. This was done only once for Kathy said she would not do it again no matter what. I took some pictures to show Kathy what she looked like and as God as [sic] my witness this is all that was done."

"I have read this statement consisting of one page each of which bears my signature and I affirm that all the facts and statements contained herein are true and correct. I further affirm I knowingly, intelligently and voluntarily waived the above rights prior to and during the making of this statement. Witness my hand this 30th day of June, 1982, at 1:50 p.m."

Appellant's complaint is that he did not knowingly and intelligently waive the right to counsel after he had earlier invoked it. This court is not unaware of *Green v. State*, 667 S.W.2d 528, 529 (Tex.Crim.App. 1984). The *Green* decision has excellent discussions of the law regarding the instant situation. But here, the facts are different than in *Green*. Citing *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the Court of Criminal Appeals followed the rule that once an accused has *invoked* (emphasis added) his right to counsel, further interrogation in counsel's absence is forbidden unless the accused initiates the conversation with the police. The court in *Green, supra,* also cited *Ochoa v. State*, 573 S.W.2d 796 (Tex. Crim.App.1978), wherein they stated: "We read this language in *Miranda*[1] literally: 'where a defendant indicates in any way that he desires to *invoke* (emphasis added) his right to counsel, the interrogation must cease'".

Query, did appellant *invoke* his right to counsel? If so, did his actions amount to initiating conversation with the police. We believe the answer to the first inquiry to be "no". The appellant, after being given his *Miranda* warnings and after talking with Deputy Hammond, *asked* if he could telephone his attorney. He attempted twice, but got no answer. Subsequently, he volunteered to go to the San Jacinto Sheriff's office. We believe this initial inquiry, with no further inquiry, demand, etc., did not amount to the appellant invoking his right to counsel. Arguendo, if it did, his action of voluntarily driving to the sheriff's office amounted to an initiation of conversation.

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Once past these issues, the evidence is overwhelming that the appellant knowingly and intelligently waived his right to counsel. Ground of error number three is overruled.

Ground of error number four complains of the trial judge refusing to give an instruction as to the voluntariness of the confession in the charge to the jury. Appellant complains of the failure of the trial judge to give the instruction because the evidence raised the issue of waiver of counsel. Had this been his objection and the trial court refused, his ground of error would perhaps be sustained. *See, Anderson v. State,* 635 S.W.2d 943 (Tex.App.—El Paso 1982, pet. ref'd). This was not his trial objection, and the ground of error must comport with the objections by counsel at trial. *Sloan v. State,* 515 S.W.2d 913 (Tex.Crim.App.1974); *See, also, Hodge v. State,* 631 S.W.2d 754, 757 (Tex.Crim.App. 1982). Nothing was preserved for review. Ground of error number four is overruled.

Ground of error number five states:

"The trial court erred in holding the evidence to be sufficient to sustain the conviction, over Appellant's objection, because the State introduced an exculpatory statement by Appellant and failed to disprove such statement."

Ground of error number six states:

"The trial court erred in holding the evidence to be sufficient to sustain the conviction because the evidence was insufficient to prove that Appellant had the requisite intent to arouse and gratify the sexual desire of himself or any other person as alleged in the indictment."

Both of the grounds of error deal with the written statement of the appellant introduced into evidence. As to ground of error number five, the statement of the appellant is not, in our opinion, exculpatory. "Exculpatory" means tending to clear from alleged fault or guilt. *Davis v. State,* 501 S.W.2d 101, 103 (Tex.Crim.App.1973). The state is not required to disprove an utterance of the accused unless, if true, the statement tends to exculpate or exonerate the accused. First, the trial court could

have concluded that the statement was untrue. However, even if true, the statement did not exculpate the accused. Ground of error number five is overruled.

Appellant admits that intent may be inferred from the fact that the defendant actually committed the physical act. *Ferguson v. State,* 579 S.W.2d 2 (Tex.Crim. App.1979). Here, the appellant did not actually touch the child, but the statement reflects the act was done because the appellant "pleaded and begged her to do it." Intent may be inferred from the defendant's conduct, his remarks and all surrounding circumstances. *McKenzie v. State,* 617 S.W.2d 211 (Tex.Crim.App.1981). Here, the evidence was sufficient to prove the requisite intent. Ground of error number six is overruled.

Ground of error number seven complains of the introduction of the envelope which contained the photographs of Mrs. Tanner and the child. The envelope had the appellant's name written on the outside. Appellant's complaint is that the trial court erred in admitting the envelope into evidence because the envelope was hearsay. The state had attempted to introduce the envelope under the business records act. Assuming they failed in doing so, we do not find the introduction of the envelope to be reversible error. Before improper admission of hearsay presents reversible error, it must be shown to be prejudicial to the defendant. *Urick v. State,* 662 S.W.2d 348 (Tex.Crim.App.1983). In the appellant's statement he admitted he had taken photographs of his wife, so the admission of the envelope with his name on it was merely cumulative and if error, we can not say, in reasonable probability, it contributed to the conviction or affected the sentence. Ground of error number seven is overruled.

Ground of error number eight complains of the introduction of four photographs which depict Kathy Tanner performing sexual acts on the young child. This ground of error merely states that an insufficient predicate was laid. The argu-

ment is that the photographs were inadmissible because, while the witness could identify each individual in the photograph, the witness could not say that she had witnessed the acts. Under appellant's theory, only the participants or actual witnesses could lay the proper predicate for the introduction of the photographs. If there is a basis from the evidence from which the trial court can conclude the photographs fairly and accurately depict what occurred, then they are admissible. *See, Stone v. State,* 574 S.W.2d 85 (Tex.Crim.App.1978). Ground of error number eight is overruled.

The judgment of the trial court is affirmed.