**Harold RUSSELL, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–85–010–CR.**

Court of Appeals of Texas,
Fort Worth.

April 17, 1986.

Crampton, Crampton & Estrada, and Robert G. Estrada, Wichita Falls, for appellant.

Barry L. Macha, Dist. Atty. and Charles J. Mason, Jr., Asst. Dist. Atty., Wichita Falls, for State.

Before FENDER, C.J., and BURDOCK and HUGHES (Retired), Sitting By Assignment, JJ.

## OPINION

HUGHES, Justice (Retired).

Harold Russell has appealed his judgment of conviction of the offense of murder, *see* TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1974), for which he was as-sessed twenty-five years in the Texas Department of Corrections.

We affirm.

The statement of facts in this case reveals that on January 13, 1984, the body of the deceased was found in the trunk of a partially burned car. He had been beaten with a blunt instrument, placed alive in the trunk, and then asphyxiated from carbon monoxide poisoning. A paper in the car led police to appellant's sister's residence. As it turned out, the deceased had lived with appellant's sister for four months.

After receiving a call from his sister advising him of the deceased's death, appellant volunteered to go with police to the morgue to identify the body of the deceased. Appellant volunteered that the deceased had been at his house on the evening of the 13th. The police then questioned appellant about the deceased's whereabouts on the date of his death.

Certain inconsistencies in appellant's answers led to more questioning and on February 7, 1984, appellant was arrested. On February 9, 1984, after being read his rights, appellant indicated he would give a statement. Prior to making the statement appellant was again advised of his rights by a justice of the peace. After the justice of the peace left, appellant asked the two detectives present if they thought he needed an attorney. They testified that they advised appellant it was his right to have an attorney present but they were not going to tell him whether he did or did not need an attorney present. They then claimed they asked appellant if he still wished to make a statement and he said he did. About ten minutes later, but still prior to the taking of the statement, appellant again asked the officers if they thought he needed a lawyer. They said they responded as before, again asking appellant if he still wished to continue.

The officers then started recording appellant's statement. Appellant was again reminded of his rights and asked if he understood them. Shortly after they began recording appellant's statement appellant asked that the tape recorder be turned

off. He then asked the officers if they thought he needed a lawyer. They testified that they responded as before, and concluded by asking appellant if he still wished to continue with the statement.

At the suppression hearing, appellant testified that in answer to his question one of the officers had said he did not recommend a lawyer while the other officer said he did not need one and that if he did get a lawyer it would take a week or two.

We are called upon in appellant's only ground of error to decide if appellant's several inquiries during the taking of his statement as to whether he needed an attorney was tantamount to a request for counsel. A reading of the statement of facts reflects a conflict in versions of what transpired during the taking of the statement.

The trier of the fact in the suppression hearing heard both the testimony of the officers and the appellant and accepted the version of the officers. Does the testimony of the officers on the three "Don't you think I need a lawyer?" questions of appellant make out, in effect, a request for a lawyer? If such testimony evidences a request for a lawyer, the only ground of error urged in this case must be granted and the judgment of conviction must be reversed. *See Edwards v. Arizona*, 451 U.S. 477, 481–87, 101 S.Ct. 1880, 1883–86, 68 L.Ed.2d 378 (1981); *Ochoa v. State*, 573 S.W.2d 796, 800–01 (Tex.Crim.App.1978).

The trial court found that on the date in question the appellant never requested a lawyer nor that the interview be stopped, but that he voluntarily continued to give the statement and did not refuse. Also, the trial court concluded, as a matter of law, that after receiving several warnings the defendant had knowingly and intelligently waived his rights. Accordingly, the trial court determined that the inquiry as to the police officer's opinion was not a request for counsel, as a matter of law or fact and therefore, the necessity for counsel being present before giving a statement was not invoked.

At the outset, it must be pointed out that just because the word "lawyer" or "attorney" is brought up by the defendant in the case, it does not necessarily amount to an invocation of right to counsel. *United States v. Jardina*, 747 F.2d 945, 949 (5th Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 1773, 84 L.Ed.2d 833 (1985); *Nash v. Estelle*, 597 F.2d 513, 519 (5th Cir.), *cert. denied*, 444 U.S. 981, 100 S.Ct. 485, 62 L.Ed.2d 409 (1979).

An unanswered telephone call to a defendant's attorney did not invoke a right to counsel. *Tanner v. State*, 690 S.W.2d 96, 98–99 (Tex.App.—Beaumont 1985, no pet.). Telling an officer that he was trying to contact an attorney before questioning took place was held not to invoke a right to counsel. *Clausen v. State*, 682 S.W.2d 328, 330–31 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd). Even in a situation where the defendant requested a lawyer or someone with a little authority in the community to read the statement back to him so he would be certain he understood what he was signing it was held not to invoke request for counsel. *Bautista v. State*, 632 S.W.2d 846, 848–49 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). There a police officer was unable to find a lawyer but brought in a city councilwoman and a newspaper editor who read the defendant's confession to him. *See id.* at 848.

Appellant relies on *Ochoa* in support of his contentions in this case. In *Ochoa* we note that the defendant, before giving the statement, not only said that he probably should talk to a lawyer, but that he did not want to sign anything before he talked to a lawyer. *Ochoa*, 573 S.W.2d at 799. This was held to be an invocation of right to counsel. *Id.* at 800.

In the present case, the defendant never stated that he ought to talk to a lawyer, and he did not aver that he did not want to sign anything before he talked to a lawyer. His comments were in the nature of questions asking the officers whether or not, in their opinion, he should have a lawyer. They refused to advise him but instead repeated the fact that he was entitled to

have an attorney if he wanted one. Then they went on with the questioning. It must be noted that even an equivocal request for counsel does not necessarily prohibit more questioning and that instead the officer is supposed to clarify what the defendant wants. *Nash,* 597 F.2d at 517. In the foregoing case, the defendant told the officer that he would like a lawyer but also that he would prefer to talk. The officer determined what he meant and he explained that he did not want an attorney present. The appellate court held that the confession was admissible. We hold that in the present case the questions that appellant asked the officers taking his statement were fielded in such a way that he was not given an answer or an opinion. He was again reminded that he did have the right to counsel and they asked him if he wanted to go ahead and give his statement. He assented to continue the questioning and the statement was completed.

We hold that the trial court, based on the totality of evidence it had before it, was supported in its findings of fact and in its ruling that the appellant had not invoked his right to counsel. We overrule the only ground of error submitted in this case.

We affirm the judgment of the trial court.