## O. W. THOMPSON v. THE STATE.

### No. 259.    Decided December 8, 1909.

**1.—Local Option—State Impeaching Its Witness.**

Where, upon trial for a violation of the local option law, the principal and only State's witness as to the sale denied having ever, at any time or place, bought any liquor from the defendant, impeaching testimony that he did so swear in a court of inquiry could not be made the basis of a conviction.

**2.—Same—Court Examining Witness.**

See opinion condemning the action of the court in the matter of conducting the examination of witnesses in the case.

Appeal from the County Court of Taylor. Tried below before the Hon. T. A. Bledsoe.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

After the State's witness Jim Searcy had testified that the defend-

ant had not sold him any whisky, etc., the judge of the court took the witness in hand and rigidly examined him before the jury, over the objection of defendant, for some time, asking him leading questions; and thereupon retired the jury and again took State's witness in hand and asked him whether he was trying to change his testimony or whether he couldn't remember who got his money, whereupon witness answered he couldn't remember, and the court then said: "I will see if you can't remember it," and then turned to the county attorney saying, "Mr. County Attorney, if you say so, I will just put this man in jail and stop this trial, and he can stay there until he does remember how he testified in the City Court, what do you say?" The judge then further said to the witness: "I want you to understand just what a delicate position you are in, for we can prove and will prove that you have heretofore testified that you bought this whisky from Thompson, so you had better tell it now and save trouble." The county judge then called the sheriff and told him to place witness in jail, but the county attorney suggested that they further examine the witness, etc.

*D. M. Oldham, Jr.,* for appellant.—On question of court's examination of State's witness: Harris v. State, 37 Texas Crim. Rep., 441, 36 S. W. Rep., 88; Hopperwood v. State, 39 Texas Crim. Rep., 15, 44 S. W. Rep., 841; Moore v. State, 33 Texas Crim. Rep., 306; White's Code Criminal Procedure, art. 767-772; Kirk v. State, 35 Texas Crim. Rep., 224; Wilson v. State, 17 Texas Crim. App., 525; White's Code Criminal Procedure, art. 32.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal is prosecuted from a conviction had in the County Court of Taylor County wherein appellant was found guilty of selling intoxicating liquors in violation of the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

The State introduced the witness Jim Searcy to whom the sale was alleged to have been made, who, in terms, denied having ever at any time or place bought any liquor from the appellant. The State laid a predicate to contradict him by showing his contradictory statements, amounting, in substance, to an admission of the sale in what is called a court of inquiry in the Corporation Court of the city of Abilene. This impeaching testimony could not be made the basis of a conviction. In this connection we desire to say further that the action of the court in the matter of conducting the examination in this case, we could not sanction and if there were no other matters raised on the appeal we would feel compelled to reverse the judgment.

For the reason that the conviction was wholly without evidence to support it, the judgment is reversed and the cause remanded.

*Reversed and remanded.*