**William STEWART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41779.**

Court of Criminal Appeals of Texas.

Feb. 5, 1969.

Rehearing Denied April 9, 1969.

which was in turn approved by the trial court without objection from either party, reflects that the special requested charge and written objections to the court's charge were not timely presented. See Articles 36.14 and 36.15, Vernon's Ann.C.C.P.

It appears that such written instruments, despite their recitals to the contrary, were not presented to the trial judge until after the jury's verdict of guilty and just prior to the penalty stage of the proceedings. Clearly they came too late despite the fact that the judge then overruled such request and objections and permitted the filing of such instruments. Further, as we view it, the special requested charge is vague and misleading and does not correctly state the law. For this reason alone the court would have been justified in refusing the special requested charge in the form presented. 31 Tex.Jur.2d, Instructions, Secs. 30 and 33. Still further, we express grave doubts that the evidence was such as to entitle the appellant to the charge requested either on the basis of the written objections or special requested charge. Ground of error #1 is overruled.

Buddy Stevens, John Michael Ille, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Victor Pecorino, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is unlawfully carrying a pistol; the punishment, assessed by the jury, 90 days in the county jail.

In his first ground of error appellant contends the trial court erred "in refusing to submit to the jury the defensive issue raised by the evidence of the appellant's right to carry a pistol from his place of business to his home."

The transcription of the court reporter's notes, approved by appellant's counsel and made a part of the record on appeal,

Next, appellant complains the court erred "in commenting on the weight of the evidence by asking a question calculated to aid the State's prosecutor in rebutting the appellant's defense thereby prejudicing the jury and pointing out to the jury the Judge's opinion of appellant's guilt." See Article 38.05, V.A.C.C.P.

On cross-examination of the appellant the following transpired:

"Q. (Mr. Pecorino): Mr. Stewart you testified earlier you said you don't usually carry it home now you are changing and say you always did?

"A. I said I carry the pistol home when I have money other than that I hide it in the shop.

"THE COURT: How many times a week do you have money?

"MR. STEVENS: I object to the court asking the witness a question at this time.

"THE COURT: Take the Jury out, Mr. Black."

After a short discussion between the court and the attorneys the jury was returned and the cross-examination continued. Thereafter the appellant testified without objection that he carried his pistol home "about once a week."

It is observed that the question asked by the court was not answered; the appellant did not ask for a jury instruction to disregard or a mistrial. We fail to perceive how the asking of the question under the circumstances presented constituted a comment on the weight of the evidence.

In 56 Tex.Jur.2d, Trial, Sec. 81, p. 415, it is said:

"Although the court should limit its participation in a trial to the exercise of supervision, a judge is not prohibited from directing appropriate comments to a witness. And provided that he maintains an impartial attitude, the judge may address questions to a witness for the purpose of clarifying any issue before the court."

See also Jackson v. State, 167 Cr.R. 34, 318 S.W.2d 98.

Further, in 23 C.J.S. Criminal Law § 991, p. 1014, the general rule is stated as follows:

"For the purpose of eliciting evidence which has not otherwise been brought out, or to clarify testimony, it is ordinarily proper for the judge to put competent and material questions to a witness either on his examination in chief or on his cross-examination, and where anything material has been omitted, it is sometimes his duty to examine a witness."

Ground of error #2 is overruled.

Finding no reversible error, the judgment is affirmed.

DOUGLAS, J., not participating.