Sam McDONALD, Appellant,

v.

The STATE of Texas, Appellee.

No. 58823.

Court of Criminal Appeals of Texas,
Panel No. 1.

March 19, 1980.

Rehearing Denied April 30, 1980.

Buster Cole, Bonham, G. C. Harris, Greenville, for appellant.

John H. Morris, County & Dist. Atty., Bonham, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

Before ONION, P. J., and ODOM and DAVIS, JJ.

ODOM, Judge.

This is an appeal from a conviction for voluntary manslaughter. Punishment was assessed by the jury at fifteen years.

The sufficiency of the evidence is not challenged.

In his first two grounds of error appellant challenges denial of his objections to the jury charge at the guilt stage of the trial for failure to submit the defensive issues of defense of third persons, V.T.C.A., Penal Code Sec. 9.33,[1] and deadly force to protect property, V.T.C.A., Penal Code Sec. 9.42.[2] We find no error because the evidence did not raise these issues.

Briefly stated, the evidence shows that the deceased came to appellant's home regarding a real estate transaction between the two of them. After first discussing the matter on the front porch, appellant went around through the garage and entered this house through the kitchen door. The deceased followed him, and after entering the kitchen he was shot by appellant with a shotgun. Appellant testified that the deceased was belligerent towards him and was coming towards him with a butcher knife picked up in the kitchen, when appellant

1. Sec. 9.33 provides:

"A person is justified in using force or deadly force against another to protect a third person if:

"(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 of this code in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and

"(2) the actor reasonably believes that his intervention is immediately necessary to protect the third person."

2. Sec. 9.42 provides:

"A person is justified in using deadly force against another to protect land or tangible, movable property:

"(1) if he would be justified in using force against the other under Section 9.41 of this code; and

"(2) when and to the degree he reasonably believes the deadly force is immediately necessary:

"(A) to prevent the other's imminent commission of arson, burglary, robbery, aggravated robbery, theft during the nighttime, or criminal mischief during the nighttime; or

"(B) to prevent the other who is fleeing immediately after committing burglary, robbery, aggravated robbery, or theft during the nighttime from escaping with the property; and

"(3) he reasonably believes that:

"(A) the land or property cannot be protected or recovered by any other means; or

"(B) the use of force other than deadly force to protect or recover the land or property would expose the actor or another to a substantial risk of death or serious bodily injury."

pulled out the shotgun and fired. He also testified:

"Q. What, in your judgment, would have happened to you if you hadn't done what you did when you did?

"A. In seconds I would have been dead.

"Q. Mr. McDonald, if that had been true who else would have been in that house if you had been dead?

"A. My wife and my two baby girls.

"Q. And who else?

"A. That man.

"Q. Mr. Hartline [the deceased]?

"A. Yes, sir.

"Q. In the back part of your mind, when you acted for yourself, did you have in your mind your wife and your baby girls and their welfare?

"A. Yes, sir.

"Q. You say that was your home?

"A. Yes, sir.

"Q. Had you invited this man to come into your house?

"A. No, sir.

"Q. Was he uninvited?

"A. Yes, sir, he was uninvited.

"Q. And did he come in against your will?

"A. Yes, sir.

"Q. So far as you were concerned was he a trespasser?

"A. Yes, sir."

■ The jury was properly charged on self defense. V.T.C.A., Penal Code Sec. 9.32. One requirement for the defense of third persons, however, is that the defendant reasonably believe his action is *immediately* necessary to protect the third person. Sec. 9.33(2), supra. The evidence in this case showed appellant's wife and daughters were *in another part of the house*, and there is no evidence of any need for immediate action to protect them from the deceased, or even that any threats were made against them by the deceased.

■ Under Sec. 9.42(2), supra, deadly force may be used to protect property only if the defendant had a reasonable belief that such force was immediately necessary to prevent the immediate commission of arson, burglary, robbery, theft at night or criminal mischief at night, or to prevent someone from escaping with property who is fleeing immediately after committing burglary, robbery, or theft at night. No evidence was presented that the deceased was committing any of the listed offenses, or fleeing with property taken in one of the listed offenses. The first two grounds of error are overruled.

Appellant's next two grounds of error, argued together, concern the separation of the jury without appellant's consent after the charge was read at the guilt stage of the trial, in violation of Art. 35.23, V.A.C. C.P., and the subsequent hearing, after return of the punishment verdict, at which the jurors were questioned by the court about their conduct during the improper separation.

■ Art. 35.23, supra, requires reversal if the jury is allowed to separate without the defendant's personal consent, after the court has given its charge to the jury. *Skillern v. State*, Tex.Cr.App., 559 S.W.2d 828. It is the defendant's burden, however, to insure that the record reflects that he did not consent to the separation. *Green v. State*, Tex.Cr.App., 510 S.W.2d 919. Once that fact is established, the burden shifts to the State to show that no harm to the defendant occurred as a result of the improper separation. *Skillern v. State*, supra. When the issue is first raised on appeal, the State is denied the opportunity to show no harm resulted. *Green v. State*, supra, at 922. When the issue is timely raised in the trial court, the State is entitled to an opportunity to show that no harm occurred through improper communications or conduct during the erroneous separation. See, *Johnson v. State*, Tex.Cr.App., 467 S.W.2d 247. It would be inconsistent to place the burden on the State to show no harm, and then deny it an opportunity to meet that burden.

The record in this case shows an improper separation of the jury without appellant's consent, in violation of Art. 35.23, supra,

but it also shows that after the punishment verdict was returned, the court, on its own motion, held a hearing at which each juror was sworn as a witness and separately questioned about his or her conduct during the earlier separation. The State and appellant's counsel were also allowed to examine each juror-witness at this hearing. The testimony demonstrated that no harm befell appellant during the erroneous separation of the jury.

Appellant presents a multi-faceted argument. He asserts the separation was erroneous, the hearing was unauthorized, warnings by the trial judge to some of the juror-witnesses were intimidating in nature, and the effect on the jurors was to make them unwilling to talk to defense counsel about possible jury misconduct. We will consider each facet in turn.

It is true that the separation of the jury was in violation of Art. 35.23, supra, and was error. Testimony of the jurors at the subsequent hearing, however, showed appellant was not harmed by this error.

■ Although the post-verdict hearing was not specifically authorized by statute, it is also true that there is no specific statutory procedure for the State to meet its burden in this situation as discussed above. Appellant cites *Tsamouris v. State*, Tex.Cr. App., 472 S.W.2d 141, in which it was held not error to refuse to grant the defendant a hearing on possible jury misconduct immediately after the verdict was returned. That case is first distinguishable in that there is no indication there that misconduct had occurred; here an erroneous separation had occurred. It is also distinguished by the fact that a defendant may use a motion for new trial to present evidence on that issue; the State has no such procedure available. We hold it was not error to hold the hearing immediately after the verdict was returned.

■ Three of the juror-witnesses were admonished by the trial judge about the privilege against self-incrimination and the possibility of contempt charges. While this should not have occurred, *Jackson v. State*, 167 Tex.Cr.R. 34, 318 S.W.2d 98, in each instance the privilege was waived and the juror testified. Also, no objection was raised to the first two of the three who were admonished, which distinguishes this case from *Jackson*, and, after objection was made to the third juror, no admonishments were given to any of the later juror-witnesses. Under the circumstances we conclude no reversible error is presented.

■ Regarding the unwillingness of the jurors to discuss their deliberations with defense counsel, we observe that such a choice was their privilege, and does not present reversible error.

The third and fourth grounds of error are overruled.

Appellant also argues his next two grounds of error together. They address the trial court's ruling on appellant's motion for new trial.

The motion was filed on July 7, 1977, and was heard on July 15. At the conclusion of the hearing the court took the motion under advisement. Later, on July 22, the court entered its order denying the motion. Neither appellant nor his attorney was present when this ruling was made. When complaint to this was raised at sentencing on July 27, the trial court for a second time denied the motion, this time in the presence of appellant and his attorney. On appeal both adverse rulings are challenged, the first for the absence of appellant and his attorney, and the second for being after the expiration of the twenty days allowed under Art. 40.05, V.A.C.C.P.

■ Under the circumstances of this case we find no error. Appellant and his attorney were present when all evidence was heard on the motion on July 15. At the conclusion of the hearing nothing was left to do except render a decision. This is not a case where the time for notice of appeal is measured from the denial of the motion for new trial. See, Art. 44.08(b), V.A.C.C.P. The event of rendering a decision on the motion, although important for purposes of securing an adverse ruling for appeal, was not a critical stage of the pro-

ceedings requiring presence of appellant and his attorney in this case, because there was nothing required of them or permitted for them to do in response to the ruling, such as giving notice of appeal or taking exception to the ruling. We find no error. Furthermore, had no hearing been held, the motion would have been overruled by operation of law after the twentieth day from when it was filed.

Finally, it is argued that evidence presented at the hearing on the motion for new trial shows jury misconduct. Appellant relies on statements supposedly made by the jury foreman during deliberations, and during a telephone conversation with the district clerk. The foreman was not called to testify at the hearing on the motion for new trial. The hearsay testimony of the district clerk does not require the motion be granted. The ground of error is overruled.

The judgment is affirmed.