Chargois v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-90-275-CR


AND


NO. 3-90-276-CR




JEFFREY CHARGOIS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NOS. 103,007 AND 104,066, HONORABLE BOB PERKINS, JUDGE


 




PER CURIAM


 A jury found appellant guilty of two instances of attempted murder. Tex. Penal
Code Ann. §§ 15.01 (Supp. 1992) & 19.02 (1989). The jury assessed punishment in each cause,
enhanced by two previous felony convictions, at imprisonment for 50 years. We will affirm both
convictions.

 Brenda Davis testified that she was standing outside at her apartment complex when
she saw appellant, who was across the street, shoot a pistol five times. After appellant crossed
the street and went back toward her apartment complex, Davis found Lonzell Edmonson lying on
the ground. She then saw appellant come back from across the street, raise his pistol, and open
fire again. 

 Lola White testified that she saw appellant shooting by some cars near her
apartment complex; the person shot turned out to be Lonzell Edmonson. Appellant then crossed
the street and went between the buildings of her complex. She saw appellant shake the shells out
of his gun, reload it, and walk back across the street. Appellant next began to shoot William
Holloway. White identified appellant's gun as a revolver. Austin police officer Renaldo Brown
testified that officers found empty shells and .22-caliber bullets on the ground around the
breezeway of the apartment complex appellant had run through. 

 Lonzell Edmonson testified that appellant shot him five or six times. William
Holloway testified that appellant shot him in the back of his neck and the back of his right
shoulder; the bullet in his shoulder exited under his right arm. Appellant also shot him in the left
forearm; the bullet from that shot remained in his arm. 

 Dr. Thomas Coopwood was a general surgeon who helped treat the two gunshot
wound victims. Coopwood testified that William Holloway suffered three gunshot wounds. 
Coopwood testified that he found seven injury sites on Lonzell Edmonson, but that he did not
know how many gunshot wounds these represented since some could have been exit wounds. 
Bullet fragments were recorded on the X-rays of both complainants, although the fragments might
have been removed later.

 In each indictment, the State alleged that appellant shot the complainant with a
firearm. The State was thereby bound to prove that a firearm was the weapon appellant used. 
The Penal Code does not define the word "firearm" other than in § 46.01, and that definition is
expressly limited to the offenses in chapter 46 of the Code. (1) Tex. Penal Code Ann. § 46.01
(1989); Ex parte Campbell, 716 S.W.2d 523 (Tex. Crim. App. 1986); Garcia v. State, 791
S.W.2d 279 (Tex. App. 1990, pet. ref'd). Because "firearm" is not defined elsewhere, it is given
its common meaning in accordance with common usage. Campbell, 716 S.W.2d at 526; Garcia,
791 S.W.2d at 283; Tex. Gov't Code Ann. § 311.011 (1988); Tex. Penal Code Ann. § 1.05(b)
(Supp. 1992). "Firearm" means "a small arms weapon, as a rifle or pistol, from which a
projectile is fired by gunpowder." Random House Dictionary of the English Language,
Unabridged (1987).

 In point of error one, appellant argues that the trial court erroneously allowed
Coopwood to testify that a .22-caliber weapon is a firearm. Appellant objected to Coopwood's
testimony on the basis that it required him to state a legal conclusion.

 Coopwood testified that he had practiced general surgery for twenty years. His
practice included trauma surgery, in which he had treated many victims of gunshot wounds. 
Coopwood had treated patients injured by .22-caliber weapons who had died. His testimony that
a .22-caliber weapon is a firearm was based on his experience and was admissible, subject only
to the weight the jury chose to give it in light of any other evidence. We overrule point one.

 In point of error two, appellant contends that the trial court erred by advising the
State to ask its witness a question. Outside the jury's hearing, the trial court suggested that the
prosecutor ask a police officer whether a .22-caliber weapon was a firearm. The court stated that
Coopwood was asked that question without being informed of the definition, but that the officer
had been trained in weapons. On redirect examination, the State asked Officer Brown whether
a .22-caliber pistol was a firearm. The witness answered in the affirmative. Appellant did not
object to this testimony. 

 Providing that the trial judge maintains an impartial attitude, he may address
questions to a witness to clarify any issue before the court. Stewart v. State, 438 S.W.2d 560
(Tex. Crim. App. 1969). The trial court, in this instance, permissibly suggested the question to
clarify the status of a .22-caliber weapon as a firearm. We overrule point two.

 In point of error three, appellant challenges the sufficiency of the evidence to prove
that appellant used a firearm. This point is without merit. The testimony previously summarized
is sufficient to establish that appellant assaulted the two victims with a firearm, under both the
general and statutory definition of the term. We overrule point three.

 The judgments of conviction are affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed on Both Causes

Filed: January 8, 1992

[Do Not Publish]
1. 

 [1] Texas Penal Code Ann. § 46.01(3) (1989) defines "firearm" as "any device designed, made,
or adapted to expel a projectile through a barrel by using the energy generated by an explosion
or burning substance or any device readily convertible to that use." The trial court charged the
jury that "`firearm' means a device designed, made, or adapted to expel a projectile through a
barrel by using the energy generated by an explosion or burning substance or any device readily
converted to that use." Appellant did not object to the definition of firearm in the jury charge. 
We note that the common meaning of firearm is similar to the definition submitted to the jury.