IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-024-CR





RAMON SANCHEZ, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY



NO. 364,626, HONORABLE DAVID CRAIN, JUDGE PRESIDING (1)



 





 This appeal is taken from a conviction for reckless conduct. Tex. Penal Code Ann.
§ 22.05 (West 1989). Appellant waived trial by jury. In a bench trial the trial court found
appellant guilty and assessed his punishment at confinement in the county jail for one hundred and
eighty days and a fine of fifteen hundred dollars. The imposition of the sentence was suspended. 
Appellant was placed on probation for two years subject to certain conditions.

 Appellant advances four points of error. In the first two contentions, appellant
challenges the sufficiency of the evidence to sustain the conviction because the State failed to
prove beyond a reasonable doubt that he did not act (1) in self-defense or (2) in defense of a third
person. In his third point of error, appellant contends that the trial court erred in forcing him to
proceed with the cross-examination of Robert Martinez without the production of Martinez's
written pretrial statement to the police. In his last contention, appellant urges that the trial court
erred in sustaining objections to certain questions propounded by appellant, the answers to which
would have demonstrated the reasonableness of his belief that he was justified in acting in defense
of a third person. He claims the trial court's action denied him his constitutional rights to due
process of law, the right to confront witnesses against him, and the effective assistance of counsel. 
We will affirm the conviction.

 Section 22.05 of the Texas Penal Code provides:



(a) A person commits an offense if he recklessly engages in conduct that places
another in imminent danger of serious bodily injury . . .


(b) Recklessness and danger are presumed if the actor knowingly pointed a
firearm at or in the direction of another whether or not the actor believed the
firearm to be loaded.


(c) An offense under this section is a Class B misdemeanor.



Tex. Penal Code Ann. § 22.05 (West 1989).

 The information charged in pertinent part that appellant on or about October 16,
1991, "did then and there recklessly engage in conduct that placed Robert Martinez in imminent
danger of serious bodily injury by knowingly pointing a firearm in the direction of another, to wit: 
Robert Martinez."

 The instant offense arose out of a situation where appellant and another young man,
Joseph Martinez, were vying for the affections of a sixteen-year-old girl, S___ S___. S___ S___
had been the girlfriend of Joseph Martinez, but had broken off the relationship. Appellant did not
want Joseph Martinez to have any contact with S___ S___.

 Robert Martinez, age 15, the stepbrother of Joseph and the complaining witness,
was the State's principal witness. Robert testified that on the afternoon of October 16, 1991,
Joseph asked him to go to S___ S___'s house at 1500 Eva Street and tell her to come to the
Martinez house at 204 West Monroe Street. It appears that S___ S___'s nearby house could be
reached by walking down an alley. Robert walked down the alley and as he approached S___
S___'s house, he saw appellant on the front porch. Appellant then went to his car, opened the
trunk, pulled out a shotgun, loaded and pumped it. Robert ran down the alley. Appellant caught
up with him. Appellant poked the loaded shotgun barrel into Robert's back several times and told
Robert that he would kill Joseph and the stepfather (Robert Rivera) the next time that he saw
them. Appellant made no response to Robert's request that appellant not shoot him. At the time,
Joseph was on the back porch of the Martinez house. Appellant called to Joseph to come "there." 
Eventually, Robert began to walk to the Martinez house. When he got there, the police were
called. Before the arrival of the police, Robert saw appellant driving his car up the alley.

 Twenty-year-old Joseph Martinez corroborated much of Robert's testimony. He
acknowledged that he sent Robert as a messenger to S___ S___. He walked part of the way down
the alley with Robert. He was able to see appellant take the shotgun from appellant's car. When
Robert began to retreat, Joseph returned to the Martinez house. He was able to see appellant poke
Robert in the back with the shotgun barrel. He heard appellant yelling for him to come "there." 
When Robert was able to separate himself from appellant and reached the house, Joseph called
the police.

 Testifying in his own behalf, appellant stated he was at S___ S___'s house on the
occasion in question when he heard someone approaching the house. Fearful, because of previous
threats and confrontations with Joseph Martinez and the stepfather, Robert Rivera, and having
knowledge of an assault upon S___ S___ by Joseph, appellant went to his car and retrieved his
shotgun which he loaded and pumped. Appellant then learned that the approaching individual was
neither Joseph Martinez nor Robert Rivera. He escorted Robert Martinez back to the alley. 
Appellant claimed he either carried the shotgun over his shoulder or at "arm's length." He
admitted that the shotgun "swung" at the end of his arm and may have poked Robert in the back
while they were walking. Appellant acknowledged that he had called out to Joseph to come
"there," but Joseph did not accept the invitation. Robert began to run and he and Joseph
disappeared into the Martinez house. Appellant related that he had driven up the alley before the
incident, not afterwards.

 On direct examination, appellant admitted that he was trying to make an impression
on "these people" because to his knowledge they had a violent past "and, therefore, to impress
upon them that if they wanted to be violent with me, I may have to be violent with them."

 The standard for reviewing the legal sufficiency of the evidence is whether, viewing
the evidence in the light most favorable to the court's judgment, any rational trier of fact could
have found beyond a reasonable doubt the essential elements of the offense charged. Jackson v.
Virginia, 443 U.S. 307, 319 n.12 (1979); Valdez v. State, 776 S.W.2d 162, 165 (Tex. Crim.
App. 1989), cert. denied, 495 U.S. 963 (1990). The standard for review is the same in both
direct and circumstantial evidence cases. Geesa v. State, 820 S.W.2d 154, 158 (Tex. Crim. App.
1991); Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App. 1990).

 In a trial before the court, the trial judge is the trier of fact, the judge of the
credibility of the witnesses and the weight to be given to their testimony. The trier of fact is
entitled to accept or reject any or all of the testimony of any witness. Bellah v. State, 653 S.W.2d
795, 796 (Tex. Crim. App. 1983); Johnson v. State, 571 S.W.2d 170, 173 (Tex. Crim. App.
1978); see also Wright v. State, 603 S.W.2d 838, 840 (Tex. Crim. App. 1980).

 The elements of reckless conduct as defined by section 22.05 of the Penal Code are:



(1) a person


(2) recklessly 


(3) engages in conduct


(4) that places another in imminent danger of serious bodily injury.



Bell v. State, 693 S.W.2d 434, 438 (Tex. Crim. App. 1985). The information included these
elements and added "by knowingly pointing a firearm in the direction of another to wit: Robert
Martinez." See Tex. Penal Code Ann. § 22.05(b) (West 1989).

 Viewing the evidence in the light most favorable to the trial court's judgment, we
conclude that a rational trier of fact could have found beyond a reasonable doubt all the essential
elements of the offense charged.

 We understand appellant to disagree only to the extent that he claims that the State
failed to prove beyond a reasonable doubt that he (1) did not act in self-defense or (2) in defense
of a third party. See Tex. Penal Code Ann. §§ 9.31, (2) 9.33 (West 1974).

 Self-defense and defense of a third party are justifications excluding criminal
responsibility. Luck v. State, 588 S.W.2d 371, 375 (Tex. Crim. App. 1979), cert. denied, 446
U.S. 944 (1980). These are affirmative defenses which the defendant must prove by a
preponderance of the evidence. Tex. Penal Code Ann. § 2.04(a) (West 1974). Saxton v. State,
804 S.W.2d 910, 912 n.5, 913 n.7 (Tex. Crim. App. 1991); Nance v. State, 807 S.W.2d 855,
864 (Tex. App.--Corpus Christi 1991, pet. ref'd). Thus, the defense has the burden of production
in the first place. Once the burden of producing sufficient evidence to raise the defenses has been
met, the burden of proof shifts to the State to "disprove" the defenses beyond a reasonable doubt. 
This latter burden is called the burden of persuasion. Saxton, 804 S.W.2d at 913-14. For the
prosecution to "disprove" a defense means no more than to rebut or to show in the sense of
countering by argument, or at its option, evidence. Id. at 917 n.8 (Clinton, J. dissenting). Thus,
the State is not required to affirmatively produce evidence to refute self-defense or defense of a
third party theories, but rather to prove its case beyond a reasonable doubt. Id. at 913; Nance,
807 S.W.2d at 864.

 In the instant case, were the issues of self-defense and defense of a third party
raised by the evidence? Generally, the defenses of self-defense and defense of a third party
require the accused to admit the commission of the offense to justify or excuse his actions. See
Sanders v. State, 707 S.W.2d 78, 81 (Tex. Crim. App. 1986); Graf v. State, 807 S.W.2d 762,
767 (Tex. App.--Waco 1990, pet. ref'd); cf. Willis v. State, 790 S.W.2d 307, 314 (Tex. Crim.
App. 1990) (holding that Sanders speaks too generally in deciding that all defenses are in nature
of confession and avoidance). Here, appellant entered a plea of not guilty and testified that he was
not guilty of reckless conduct. We need not rely, however, upon any admission. The evidence
shows that appellant was in control of the situation, that he followed Robert Martinez with a
loaded shotgun, poking Martinez in the back. Martinez was an unarmed, 15-year-old boy who
was trying to get away and return home. Appellant's testimony failed to describe any use or
attempted use of unlawful force by Robert Martinez or by Joseph Martinez, the brother who was
on the porch of the Martinez house. The evidence also fails to show how appellant's poking of
Robert Martinez with a shotgun was "immediately" done to protect himself from the unarmed
Martinez. The third party apparently was S___ S___. Her whereabouts during the incident is not
clear from the record. Joseph Martinez indicated at one point that he saw her on the porch of her
house. The defense of a third party is raised only if the actor reasonably believes that his
intervention is immediately necessary to protect the third person. McDonald v. State, 597 S.W.2d
365, 367 (Tex. Crim. App.), cert. denied, 449 U.S. 1010 (1980); Nance, 807 S.W.2d at 863;
Constancio v. State, 643 S.W.2d 153, 154 (Tex. App.--Austin 1982, no pet.). We conclude that
appellant did not sustain his burden of production. The defensive issues were not raised by the
evidence.

 If it can be argued otherwise, we observe that self-defense and defense of a third
party are fact issues to be determined by the trier of fact. In addition to finding all of the elements
of reckless conduct, the trial court as a rational trier of fact, could have found against appellant
on the issue of the defenses beyond a reasonable doubt. See Saxton, 804 S.W.2d at 914; see also
McGee v. State, 852 S.W.2d 551, 557 (Tex. App.--Tyler 1992, pet. ref'd). The first two points
of error are overruled. (3)

 In his third point of error, appellant contends that the trial court erred when it
forced him, over objection, to proceed with the cross-examination of Robert Martinez without the
production of his statement. During the cross-examination of Martinez, it was established that
he had given a sworn statement to the police. Appellant's counsel requested a copy of the
statement, apparently for the purposes of cross-examination and possible impeachment. See Tex.
R. Crim. Evid. 614. The trial court ordered that the statement be given to defense counsel. A
brief recess was taken.

 When the trial resumed, the prosecutor stated that he did not have such statement
in his possession. He had given the defense counsel a copy of the offense report. He then stated
that a supplement attached thereto set out verbatim the statement given by the witness. The
prosecutor suggested the contents of the statement could be authenticated through the witness. 
At this point, the trial court ordered the bailiff to check with the Austin Police Department and
to obtain a copy of the statement if one was available. The bailiff also was instructed to have any
available statement read to him over the telephone so that it could be compared to the statement
attached to the offense report. The trial court noted that the trial might have to be continued to
obtain the testimony of witnesses who were in jail, and that Robert Martinez could be recalled for
further cross-examination if the need arose. The trial court ordered the proceedings to go
forward. Appellant's counsel objected that "under Rule 612(a), (4) I don't think we can proceed
without that statement." The trial court overruled the objection.

 The record is silent as to whether the statement was ever obtained. No such
statement is found in the record. See Tex. R. App. P. 50(d). Appellant's complaint on appeal
is not that he was denied the statement for purposes of cross-examination, but concerns the refusal
of the trial court to halt the proceedings until such statement, if available, was produced. The
matter was within the sound discretion of the trial court conducting the proceedings. Appellant
does not cite authority or present argument showing an abuse of discretion. See Tex. R. App. P.
74(f). On appeal, appellant relies solely upon rule 614(a) concerning the production of statements
of witnesses, but the rule is not germane to any required cessation of the trial proceedings. 
Moreover, appellant's trial objection on the basis of rule 612(a) does not comport with the
complaint or authority cited on appeal. Nothing is presented for review. Rejac v. State, 782
S.W.2d 869, 870 (Tex. Crim. App. 1990). The third point of error is overruled.

 In his fourth point of error, appellant urges that the trial court erred by sustaining
the State's objections to questions the answers to which would have demonstrated the
reasonableness of his belief that he was justified in acting in defense of S___ S___. In a
multifarious vein, appellant, in the same point of error, complains that the court's action violated
his federal and state constitutional rights to due process of law, the right to confront the witnesses
against him, and the right of effective assistance of counsel. These latter claims are not briefed. 
No authority is cited and no argument advanced. Nothing with regard to these claims is presented
for review. Tex. R. App. P. 74(f); see also Kelley v. State, 817 S.W.2d 168, 175 (Tex.
App.--Austin 1991, pet. ref'd).

 As to appellant's initial complaint under this point, we observe that appellant sets
out four questions in his brief. Only two of these questions propounded to appellant or S___
S___, defense witnesses, went unanswered because of the State's objections. As to these two
questions, appellant failed to perfect his bill of exception. Tex. R. Crim. Evid. 103(a)(2); Tex.
R. App. P. 52(b). We are unable to appraise appellant's contentions as to these questions. 
Nothing is presented for review. As to the other two questions set forth in the brief, one was
answered "yes" without objection. The other question directed to appellant was whether he had
ever known Joseph Martinez to injure anyone with a B.B. gun. The question was answered "yes"
before the State's objection was sustained. It appears that the trial court sustained the objection
on the basis of relevancy. See Tex. R. Crim. Evid. 401 & 402. Appellant has not shown that the
question was relevant or that a substantial right of his was affected by the evidentiary ruling. Tex.
R. Crim. Evid. 103(a). The error, if any, was harmless beyond a reasonable doubt. Tex. R.
App. P. 81(b)(2). The fourth point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, Kidd and Onion*

Affirmed

Filed: March 30, 1994

Do Not Publish


















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (1988).
1.   The judgment was signed by Judge Crain. The statement of facts reveals that the trial
on the merits was tried before the Honorable Wilfred Aguilar, Judge of County Court at Law
No. 5, Travis County, Texas.
2.   Section 9.31(1) provides in pertinent part: "a person is justified in using force against
another when and to the degree he reasonably believes that force is necessary to protect
himself against the other's use or attempted use of unlawful force."
3.   Appellant does seek to rely upon section 9.04 of the Texas Penal Code since it was his
stated purpose to impress "these people" that he would use deadly force against them if the
need arose. Section 9.04 reads:


The threat of force is justified when the use of force is justified by this chapter. 
For the purposes of this section, a threat to cause death or serious bodily injury
by the production of a weapon or otherwise as long as the actor's purpose is
limited to creating an apprehension that he will use deadly force if necessary,
does not constitute the use of deadly force.


Tex. Penal Code Ann. § 9.04 (West 1974).

 Appellant's reliance upon the statute is misplaced. An actor is justified in threatening
force only when he is justified in using force. Appellant's reliance upon prior confrontations with
Rivera, a communicated threat from Rivera, an angry telephone call with Evan Martinez (Joseph's
mother), which appellant initiated, and appellant's knowledge of a prior assault upon S S by
Joseph does not call for a different result.
4.   Tex. R. App. P. 612(a) deals with examining a witness concerning a prior inconsistent
statement. At the point of the objection, it had not been established that Robert Martinez
had given a prior inconsistent statement.