Opinion issued March 17, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00411-CR

## NO. 01-24-00412-CR

_____

**KENDRICK L. BESS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1752816**
**Trial Court Case No. 1752758**

---

## MEMORANDUM OPINION

A jury convicted Kendrick L. Bess of aggravated assault of a family member (Trial Court Case No. 1752816; 01-24-00411-CR) and possession of a controlled substance, methamphetamine, weighing more than 4 grams and less than 200

grams by aggregate weight (Trial Court Case No. 1752758; 01-24-00412-CR). *See* TEX. PEN. CODE § 22.02 (aggravated assault); TEX. HEALTH & SAFETY CODE § 481.115 (possession of controlled substance). Both charges were enhanced with allegations that Bess had previously been convicted of aggravated assault with a deadly weapon and evading arrest or detention with a motor vehicle. Bess pleaded true to the enhancement allegations, and the trial court assessed punishment of 30 years in prison for each conviction, to run concurrently.

In a single issue on appeal, Bess argues that the trial court's comments and questions throughout the trial deprived him of due process under the United States Constitution. We affirm.

### Background

Three days after Christmas, Houston Police Department officers responded to a 911 call at the apartment of complainant, Elisha Hawkins. She told the officers that Bess, her boyfriend, had choked her, held a gun to her head, and threatened to kill her after she refused to have sex with him because she felt sick. She also told them that he had been heavily using illegal drugs. A pat-down search revealed that Bess was in possession of loaded gun and a prescription bottle with a peeled-off label that contained methamphetamine. Bess was indicted and charged with aggravated assault of a family member and possession of a controlled substance. He pleaded not guilty, and his case was tried to a jury.

During voir dire, the trial court instructed the venire panel about the State's burden to prove guilt beyond a reasonable doubt, noting several times that the jury must presume that the defendant is not guilty until proven otherwise. The judge explained the State's burden of proof and twice referred to the indictment as the court's charging tool, admonishing the venire members to remember that the indictments do not "prove anything."

Throughout the trial, the judge occasionally summarized prior testimony, especially after testimony had been interrupted by objections, repeated previously asked questions or asked his own questions of the witnesses, and made brief comments when ruling on objections. Before the defense attorney cross-examined the complainant, the judge instructed her to answer the defense attorney's questions directly. Bess did not object to the trial court's comments and questions or its statements in voir dire.

The jury found Bess guilty of both charges. The trial court assessed punishment at 30 years in prison on each charge, and Bess appealed.

## Analysis

In a single issue on appeal, Bess argues that he was deprived of due process because the trial court's comments and questions throughout trial demonstrate that he did not receive a fair trial because the judge was not impartial.

## I. Multifarious Issue

The State asserts that the appellant's issue is multifarious because it combines multiple contentions of error by the trial judge and arguments about both statutory and constitutional violations. Thus, the State argues, the sole issue should be overruled.

"When an appellant bases a single point of error on more than one legal theory or specific ground, the point of error is multifarious." *Thomas v. State*, 615 S.W.3d 552, 566 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (citing *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010)). We may disregard and refuse to review multifarious issues, but we may also elect to consider such points of error in the interest of justice and if we can determine with reasonable certainty the error about which the appellant complains. *Davis*, 329 S.W.3d at 803 ("Because appellant bases his single point of error on more than one legal theory, his entire point of error is multifarious. . . . We will, however, review his arguments in the interest of justice."); *Thomas*, 615 S.W.3d at 566; *Stults v. State*, 23 S.W.3d 198, 205 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ("[W]e may also elect to consider [multifarious points of error] if we are able to determine, with reasonable certainty, the alleged error about which the complaint is made.").

Here, Bess has identified multiple instances of comments or questions made by the trial judge during trial. While his statement of the relevant law focuses on

4

constitutional due process, he has also quoted Article 38.05 of the Texas Code of Criminal Procedure, a statutory prohibition against the trial judge commenting on the weight of admissible evidence and making "any remark calculated to convey to the jury his opinion of the case." TEX. CODE CRIM. PROC. art. 38.05. His caselaw, however, argues only about a violation of due process without addressing Article 38.05.

Further, he argues that it is the cumulative effect of all the trial judge's comments that deprived him of a fair trial. Even though his sole issue is a challenge to multiple instances of the trial judge making comments or questioning witnesses, we can determine from his argument, with reasonable certainty, that Bess is complaining about the denial of due process based on the combined effect of (1) the judge's comments in voir dire, (2) comments that Bess contends constitute testifying for witnesses, and (3) comments that Bess contends were directed at his counsel. We decline the State's invitation to overrule Bess's sole issue as multifarious, and in the interest of justice, we will review Bess's arguments. *See Davis*, 329 S.W.3d at 803; *Thomas*, 615 S.W.3d at 566; *Stults*, 23 S.W.3d at 205.

## II. Due Process Right to an Impartial Judge

### A. Preservation of Error

Bess concedes that he did not object at trial to any of the challenged statements or questions made by the trial judge. "With very few exceptions, a party may not complain on appeal about a trial error unless the party made a contemporaneous objection." *Rodriguez v. State*, No. 01-23-00664-CR, — S.W.3d –, 2025 WL 1335328, at *1 (Tex. App.—Houston [1st Dist.] May 8, 2025, pet. ref'd) (citing *Proenza v. State*, 541 S.W.3d 786, 797 (Tex. Crim. App. 2017)). In *Rodriguez*, this Court explained that while the Court of Criminal Appeals determined in *Proenza* that an appellant need not object at trial to argue on appeal about a violation of article 38.05 of the Code of Criminal Procedure, the Court of Criminal Appeals "made no pronouncement on the preservation requirements for a complaint that a trial court's comments violated the due process protections of the federal constitution." *Rodriguez*, 2025 WL 1335328, at *4. In that case, we "assum[ed] without holding, that the appellant may raise his due-process complaint without a trial objection," and we considered the merits of the appellant's arguments. *Id.* at *5. We follow the approach used in *Rodriguez*, and we assume without holding that Bess may raise his due process complaint in our court despite the lack of contemporaneous objections.

We limit our analysis to those specific comments that Bess actually argues about in his brief. These are (1) the judge's comments in voir dire that the defendant is presumed not guilty until proven otherwise and that the indictment is the court's charging tool; (2) the judge's comments that Bess contends constitute testifying for the witnesses (saying he thought Bess was handcuffed, and saying, "So she's feeling bad, and he wants some action"); and (3) the judge's comments that Bess contends were aimed at his counsel (comments made after denying counsel's request to approach the bench, after denying an objection that a witness's answer was nonresponsive, and before cross-examination of the complainant). Although he lists additional comments in the background of his brief, he does not make any specific argument about many of them, and we may not make arguments on his behalf. *See Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995) ("From appellant's brief, we cannot discern his specific arguments, and we will not brief appellant's case for him."); *Mayweather v. State*, 722 S.W.3d 116, 120 (Tex. App.—Houston [1st Dist.] 2025, no pet.) ("By claiming the evidence is insufficient without explaining how, the appellant is inviting us to make arguments for him. Doing so would require abandoning our role as impartial arbiter, so we decline the invitation.").

**B.      Due Process Standards**

The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. "A neutral and detached judge is one of the minimum requirements of due process in criminal proceedings." *Avilez v. State*, 333 S.W.3d 661, 673 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *see, e.g.*, *Ward v. Vill. of Monroeville, Ohio*, 409 U.S. 57, 62 (1972) (due process requires "neutral and detached judge"); *Brumit v. State*, 206 S.W. 3d 639, 645 (Tex. Crim. App. 2006) ("Due process requires a neutral and detached hearing body or officer."). "When a claim of judicial bias is raised, we review the entire record to determine whether the judge's bias or prejudice denied the defendant due process." *Riggins v. State*, 714 S.W.3d 74, 90 (Tex. App.—Houston [1st Dist.] 2023, pet. ref'd) (citing *Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd)). "The test for determining whether a trial court's comments violate federal due process protections is 1) whether the comments were improper and, if so, 2) whether the complaining party can show serious prejudice." *Rodriguez*, 2025 WL 1335328, at *5.

"Absent a clear showing of bias, we presume a trial court is neutral and detached." *Tapia v. State*, 462 S.W.3d 29, 44 (Tex. Crim. App. 2015). A judge's ordinary efforts at courtroom administration will not support a claim of judicial

8

bias even when they include "expressions of impatience, dissatisfaction, annoyance, and even anger." *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). While a trial court should limit its participation in a trial to the exercise of supervision, a judge is not prohibited from directing comments to a witness or asking a witness questions for the purpose of clarification. *Stewart v. State*, 438 S.W.2d 560, 561–62 (Tex. Crim. App. 1969). However, the trial judge must not convey his opinion of the case to the jury, or "becom[e] an advocate in the adversarial process." *Hunter v. State*, 691 S.W.3d 247, 251 (Tex. App.—Dallas 2024, no pet.); *see United States v. Saenz*, 134 F.3d 697, 701–02 (5th Cir. 1998) (noting that federal trial judge may question witnesses to elicit or clarify facts without falling afoul of due process so long as judge's behavior does not confuse the functions of judge and prosecutor); *Avilez*, 333 S.W.3d at 673 ("[D]ue process will not permit a judge to assume the role of a prosecutor.").

Further, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases," will not demonstrate that the judge is not impartial. *Liteky*, 510 U.S. at 555. But such remarks "*may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* "Broadly speaking, a trial court's comments become "improper," for purposes of due process, when the trial

9

court takes on a role not permitted to a judge at common law—such as witness—or when the trial court takes on a permitted role—such as commenting on evidence—in a manner that shows partiality." *Rodriguez*, 2025 WL 1335328, at *6.

### C. Voir Dire Comments

Bess argues on appeal that the court erred by stating during voir dire that he was presumed to be "not guilty" as opposed to presumed "innocent," and by referring to the indictment as the "Court's charging tool." He asserts that these statements "laid the groundwork for the jury to perceive the Trial Court as a partner with the State throughout the rest of the trial." We disagree.

"The United States Constitution prohibits a trial judge from making a comment in front of the jury that effectively destroys a defendant's constitutional presumption of innocence." *Irsan v. State*, 708 S.W.3d 584, 607 (Tex. Crim. App. 2025) (quotation omitted). The presumption of innocence refers to an accused's "right to be free from criminal conviction unless the State can prove his guilt beyond a reasonable doubt by probative evidence adduced at trial." *Miles v. State*, 204 S.W.3d 822, 825 (Tex. Crim. App. 2006). "When a jury is told of this presumption, it is told, in effect, to judge an accused's guilt or innocence solely on the basis of the evidence adduced at trial and not on the basis of suspicions that arise from the fact of his arrest, indictment, or custody." *Id.*

During voir dire, the trial court made the following comments about the presumption of innocence.

> What do we know about this case? Pretty easy. We know for sure that this man on trial enjoys a presumption of innocence. As he stands here right now, he is presumed to be not guilty. There is no ifs, ands, or buts that follow that sentence. Right now Mr. Kendrick Bess is simply not guilty until proven otherwise. It's called the presumption of innocence.
>
> . . . .
>
> In this state, in this nation, if you are charged with a criminal offense, anything from a traffic ticket to capital murder, you are presumed to be not guilty until proven otherwise in the course of a trial.
>
> So we know right now, if this is Kendrick Bess, if it is, I don't know, he is presumed to be not guilty.
>
> The State filed the case. It's called the State versus Kendrick Bess. Since the State files the case, the State and the State alone must prove this case. The Defense has nothing to prove.
>
> You know why? And you do know why. He's presumed to be not guilty. He enjoys that protection right now. So the State files the case. The State and the State alone must prove this case.
>
> . . . .
>
> Mr. Bess stands charged by indictment—two papers right here—with aggravated assault of a family member and a drug offense, methamphetamine, 4 to 200 grams.
>
> What is an indictment? The indictment is the Court's charging tool. It tells the man on trial exactly what he's charged with. It tells the Government what they must prove in the case beyond a reasonable doubt for a verdict of guilty.
>
> . . . .

These documents [the indictments] don't prove anything. It's just the Court's charging tool to start the trial. They are not evidence. They don't prove or disprove anything for either side. And they're called the indictment in the case.

Contrary to Bess's argument, the trial court's statements during voir dire in fact bolstered the presumption of innocence by explaining in no uncertain terms that neither the filing of the case nor the indictment were evidence, and the State bore the burden of proof. Moreover, a valid indictment is necessary to vest a court with jurisdiction and allow it to start the trial. *See Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018); *see also* TEX. CONST. art. V § 12(b) ("The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.").

We conclude that the judge's explanation of the indictment and the State's burden of proof were not improper. *See Rodriguez*, 2025 WL 1335328, at *5–6.

### D.  Trial Court Comments Regarding Witness Testimony

Bess argues that the trial judge was not neutral and detached when he questioned the witnesses and "at times testif[ied] himself for the witnesses." Appellant's Br. 24. In his argument, Bess challenged two specific instances. The first instance occurred during the direct examination of the officer who responded to the 911 call and detained Bess in the back of his patrol car. After a bench discussion and objection in open court, the State asked the officer whether he

12

returned to the apartment to speak with the complainant after placing Bess in the patrol car.

> State: Okay. And actually I'm going to circle back. While you had the defendant at your patrol vehicle, did he say anything to you that was peculiar?
>
> Defense: Objection, calls for a hearsay response.
>
> Court: Overruled, Counsel.
>
> If you recall, you got him inside the car. Is he handcuffed, if you know? I'm thinking yes.
>
> Witness: Oh, yeah, yeah. He was cuffed, yes.
>
> Court: Behind the back, I imagine?
>
> Witness: Yes.
>
> Court: All right. And what, if anything, does he say to you beside the car right there, if you recall?

The second instance occurred shortly after the first, also on direct examination of the responding officer, who was testifying about the statement the complainant gave minutes after Bess was removed from the apartment. The judge overruled objections based on hearsay and the Confrontation Clause after the State argued that the complainant's statement was an excited utterance. The officer testified that the complainant told him the incident began after she refused to have sex with Bess because she had been "feeling sick."

> Defense: Objection, Your Honor. He's narrating from the offense report.
> Witness: I'm just trying to paraphrase.

13

| | |
|---|---|
| Court: | He's paraphrasing, Counsel. It's overruled. |
| | So she's feeling bad, and he wants some action. |
| Witness: | Right. Right. Yes, sir. |
| Court: | Right? |
| Witness: | Yes, sir. |

"[T]rial courts have broad discretion in managing the course of a trial generally." *Dang v. State*, 154 S.W.3d 616, 619 (Tex. Crim. App. 2005); *see also* TEX. R. EVID. 611 (governing mode and order of examining witnesses and presentation of evidence including for several purposes including determining truth and avoiding wasting time). The court's comments and questions here summarized the testimony to maintain the momentum of the trial and facilitate efficient presentation of evidence. *See Dang*, 154 S.W.3d at 619; TEX. R. EVID. 611. In the first instance, the judge's comments and questions elicited clarification after several interruptions in the testimony to address objections. In the second, the comment, while colloquial, restated the testimony the witness gave just before the objection. In neither instance did the trial judge convey his opinion of the case. *See Hunter*, 691 S.W.3d at 251; *see also Avilez*, 333 S.W.3d at 673.

We conclude that the trial court's comments regarding witness testimony were not improper. *See Rodriguez*, 2025 WL 1335328, at \*5–6.

### E. Trial Court Comments Regarding Defense Counsel

Bess argues that the trial judge was not neutral and detached when he made "certain comments aimed at Defense Counsel." Appellant's Br. 24. Bess identified

14

three specific comments that he contends were aimed at his counsel. The first challenged comment occurred during direct testimony of the arresting officer, who testified that the complainant was "very upset . . . very shaken . . . tearful" when he returned to the apartment after placing Bess in the back of the patrol car. The State asked what the complainant told him, and Bess's counsel objected on the grounds of hearsay and the Confrontation Clause. The State responded that it would soon play the video from the officer's body worn camera, which recorded the complainant's statements. The State asserted that the complainant's statements would "come in through excited utterance." Defense counsel then asked to approach the bench, and the trial judge responded: "You don't need to. I've got good ears. The objection is overruled. Excited utterance exception. Overruled. Counsel, let's proceed."

The second challenged comment occurred during direct testimony of the complainant's sister. She testified that her sister called her during the altercation with Bess, and she could hear "what was going on in the background" at the complainant's apartment. The State asked the sister, "[W]hen you got a phone call from Elisha [the complainant], what voices could you hear at the end of the line?" The sister responded, "I could [sic] Kendrick Bess was—was cussing out my sister. And what the most . . . ." Bess's counsel interrupted the sister to object on the grounds that her testimony was "not responsive to the question." The trial

15

judge said: "Well, he asked her what she heard and she said she heard Kendrick Bess cussing my sister and your objection is that's not responsive. Think about it, please. Objection is overruled."

The third challenged comment occurred just before cross-examination of the complainant, Elisha. After the State passed the witness, the trial judge said: "Ms. Hawkins, [Defense Counsel] over here has some questions he's going to ask you. We have a system. I call it push and shove. He's going to push. You're going to shove. Just try to listen to his questions and answer them directly. Okay?" Elisha agreed, and Bess's counsel conducted cross-examination.

In each of these three examples, the trial judge's comments, may have been colloquial, served the purpose of ordinary courtroom administration,[1] or even perhaps expressed impatience with defense counsel, but the comments neither conveyed the judge's opinion of the case to the jury nor made him an advocate in the adversarial process. *See Liteky*, 510 U.S. at 555; *Hunter*, 691 S.W.3d at 251.

We conclude that the trial court's comments regarding defense counsel were not improper. *See Rodriguez*, 2025 WL 1335328, at *5–6.

---

[1] The push-and-shove comment appears to be an admonition to the complainant to answer the questions directly.

\* \* \*

Having concluded that the trial judge's comments were not improper, we further conclude that the cumulative effect of these comments was also not improper or a deprivation of due process. We overrule Bess's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Susanna Dokupil
Justice

Panel consists of Justices Guerra, Caughey and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).